# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A/ IXO, | § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 6:09-cv-326 |
| | § | |
| MORGAN STANLEY, BANK OF AMERICA CORPORATION, THE BANK OF NEW YORK MELLON CORPORATION, CREDIT SUISSE HOLDINGS (USA), INC., THE GOLDMAN SACHS GROUP, INC., HSBC BANK USA, N.A., JPMORGAN CHASE & CO., and SWS GROUP, INC., | § § § § § § § § § § | |
| Defendants. | § § | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Realtime Data, LLC ("Realtime Data") files this Complaint of patent infringement and states as follows:

## THE PARTIES

1. Plaintiff Realtime Data, doing business as IXO, is a limited liability company organized and existing under the laws of the State of New York with a principal place of business at 15 West 36th Street, New York, New York. Realtime Data is a developer of software and hardware based data compression products, ranging from data compression cards to rack-mounted storage servers. Realtime Data has worked with some of the largest technology companies in the world involved with the development of market data compression solutions.

2. Upon information and belief, Defendant Morgan Stanley is a corporation organized and existing under the laws of the State of Delaware with a principal place of business

at 1585 Broadway, New York, New York. Morgan Stanley is registered to do business in the State of Texas and has one or more locations within Texas. Morgan Stanley makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Morgan Stanley is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

3. Upon information and belief, Defendant Bank of America Corporation (hereinafter, "Bank of America") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 100 North Tryon Street, Bank Of America Corporate Center, Charlotte, North Carolina. Bank of America is registered to do business in the State of Texas and has one or more locations within Texas. Bank of America makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Bank of America is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N. St. Paul Street., Dallas, Texas.

4. Upon information and belief, Defendant The Bank of New York Mellon Corporation (hereinafter, "Bank of New York Mellon") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at One Wall Street, New York, New York. Bank of New York Mellon is registered to do business in the State of Texas and has one or more locations within Texas. Bank of New York Mellon makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Bank of New York Mellon is qualified to do business in the State of Texas and may be served via its registered agent Corporation Service

2
Dallas 281818v8

Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas.

5. Upon information and belief, Defendant Credit Suisse Holdings (USA), Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 11 Madison Avenue, New York, New York. Credit Suisse is registered to do business in the State of Texas and has one or more locations within Texas. Credit Suisse makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Credit Suisse is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

6. Upon information and belief, Defendant The Goldman Sachs Group, Inc. (hereinafter, "Goldman Sachs") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 85 Broad Street, New York, New York. Goldman Sachs is registered to do business in the State of Texas and has one or more locations within Texas. Goldman Sachs makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Goldman Sachs is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

7. Upon information and belief, Defendant HSBC Bank USA, N.A. (hereinafter, "HSBC") is a corporation organized and existing under the laws of the State of Maryland with a principal place of business at One HSBC Center, Buffalo, New York. HSBC is registered to do business in the State of Texas and has one or more locations within Texas. HSBC makes, sells, offers for sale, and/or uses data compression products and services in the United States and

Dallas 281818v8

Texas, including within the Eastern District of Texas. HSBC is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

8. Upon information and belief, Defendant JPMorgan Chase & Co. (hereinafter, "JPMorgan Chase") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 270 Park Avenue, New York, New York. JPMorgan Chase is registered to do business in the State of Texas and has one or more locations within Texas. JPMorgan Chase makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. JPMorgan Chase is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

9. Upon information and belief, Defendant SWS Group, Inc. (hereinafter, "Southwest Securities") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1201 Elm Street, Suite 3500, Dallas, Texas. Southwest Securities is registered to do business in the State of Texas and has one or more locations within Texas. Southwest Securities makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Southwest Securities is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

10. Morgan Stanley, Bank of America, Bank of New York Mellon, Credit Suisse, Goldman Sachs, HSBC, JPMorgan Chase, and Southwest Securities are collectively referred to herein as the "Defendants."

## JURISDICTION AND VENUE

11. This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, 35 U.S.C. § 271 *et seq*. This Court has subject matter jurisdiction over this action under Title 28, United States Code, §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over each of the Defendants. The Defendants have conducted and do conduct business within the State of Texas. The Defendants, directly or through intermediaries (including distributors, retailers, and others) make, distribute, offer for sale, sell, advertise, and use their products in the United States and the State of Texas.

13. On information and belief, venue in this Judicial District is proper under Title 28, United States Code, §§ 1391 and 1400(b) because Defendants have regularly conducted business in this judicial district, and the acts complained of herein occurred in this judicial district.

## FACTS

14. U.S. Patent No. 6,624,761 ("the '761 Patent"), entitled "Content Independent Data Compression Method and System," was duly and legally issued to Plaintiff Realtime Data on September 23, 2003. A true and correct copy of the '761 Patent is attached as Exhibit A.

15. U.S. Patent No. 7,161,506 ("the '506 Patent"), entitled "Systems and Methods for Data Compression Such As Content Dependent Data Compression," was duly and legally issued to Plaintiff Realtime Data on January 9, 2007. A true and correct copy of the '506 Patent is attached as Exhibit B.

16. U.S. Patent No. 7,400,274 ("the '274 Patent"), entitled "System and Method for Data Feed Acceleration and Encryption," was duly and legally issued to Plaintiff Realtime Data on July 15, 2008. A true and correct copy of the '274 Patent is attached as Exhibit C.

17. U.S. Patent No. 7,417,568 ("the '568 Patent"), entitled "System and Method for Data Feed Acceleration and Encryption," was duly and legally issued to Plaintiff Realtime Data on August 26, 2008. A true and correct copy of the '568 Patent is attached as Exhibit D.

18. Plaintiff Realtime Data is the owner of the '761, '506, '274, and '568 patents (collectively, "Patents-in-Suit") with the right to collect damages for all relevant times, and has the right to prevent others from making, having made, using, offering for sale or selling products or services covered by such patents, as well as the right to enforce the '761, '506, '274, and '568 patents with respect to the Defendants.

19. On information and belief, Defendants have been and are, within this Judicial District, State, and elsewhere, using one or more data compressions products and/or systems manufactured, designed, produced, sold and/or offered for sale without license or authorization from Plaintiff Realtime Data.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT 6,624,761

20. Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-19, above.

21. Defendants have been and are now directing infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the '761 Patent.

22. Realtime Data has at all times complied with 35 U.S.C. § 287.

23. Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '761 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court. Realtime Data has no adequate remedy at law to

6

redress Defendants' continuing acts of infringement. The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

24. As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

### COUNT TWO – INFRINGEMENT OF U.S. PATENT 7,161,506

25. Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-24, above.

26. Defendants have been and are now directing infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the '506 Patent.

27. Realtime Data has at all times complied with 35 U.S.C. § 287.

28. Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '506 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court. Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

29. As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

### COUNT THREE – INFRINGEMENT OF U.S. PATENT 7,400,274

30. Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-29, above.

31. Defendants have been and are now directing infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the '274 Patent.

32. Realtime Data has at all times complied with 35 U.S.C. § 287.

33. Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '274 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court. Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

34. As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

### COUNT FOUR – INFRINGEMENT OF U.S. PATENT 7,417,568

35. Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-34, above.

36. Defendants have been and are now directing infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the '568 Patent

Dallas 281818v8

37. Realtime Data has at all times complied with 35 U.S.C. § 287.

38. Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '568 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court. Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

39. As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT FIVE – WILLFUL INFRINGEMENT

40. Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-39, above.

41. To the extent that facts learned in discovery show that Defendants' infringement of the Patents-in-Suit is or has been willful, Plaintiff Realtime Data reserves the right to request such a finding.

## PRAYER FOR RELIEF

42. WHEREFORE, Realtime Data requests a judgment:

    A. That Realtime Data is the owner of all right, title and interest in and to United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568, together with all rights of recovery under such patents for past and future infringements thereof;

    B. That Defendants have infringed United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568;

    C. That United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and

9

7,417,568 are valid and enforceable in law;

    D.  Awarding to Realtime Data its damages caused by Defendants' infringement of United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568 including an assessment of pre-judgment and post-judgment interest and costs;

    E.  Entering a permanent injunction against Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568, including without limitation from continuing to make, use, sell and/or offer for sale infringing compression-based data acceleration products;

    F.  That this is an exceptional case and awarding to Realtime Data its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

    G.  In the event a permanent injunction preventing future acts of infringement is not granted, that Realtime Data be awarded a compulsory ongoing licensing fee; and

    H.  Awarding to Realtime Data such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

43.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

10

Dallas 281818v8

| Date: July 22, 2009 | Respectfully submitted, |
|---|---|
| | **MCKOOL SMITH, P.C.** |
| | ___/s/ Sam Baxter_____ |
| | Sam Baxter |
| | Texas State Bar No. 01938000 |
| | sbaxter@mckoolsmith.com |
| | 104 East Houston, Suite 300 |
| | Marshall, Texas 75670 |
| | Telephone: (903) 923-9000 |
| | Facsimile: (903) 923-9099 |
| | |
| | Robert A. Cote |
| | rcote@mckoolsmith.com |
| | Brett E. Cooper |
| | bcooper@mckoolsmith.com |
| | Benjamin J. Warlick |
| | bwarlick@mckoolsmith.com |
| | 399 Park Avenue, Suite 3200 |
| | New York, New York 10022 |
| | Telephone: (212) 402-9400 |
| | Facsimile: (212) 402-9444 |
| | |
| | John M. Shumaker |
| | jshumaker@mckoolsmith.com |
| | Texas State Bar No. 24033069 |
| | 300 W. 6th Street, Suite 1700 |
| | Austin, Texas 78701 |
| | Telephone: (512) 692-8736 |
| | Facsimile: (512) 692-8744 |
| | |
| | **ATTORNEYS FOR PLAINTIFF REALTIME DATA LLC D/B/A/ IXO** |