**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA, LLC D/B/A/ IXO, § <br> § <br> Plaintiff, § <br> v.  § <br> § <br> MORGAN STANLEY, BANK OF § <br> AMERICA CORPORATION, THE BANK § <br> OF NEW YORK MELLON § <br> CORPORATION, CREDIT SUISSE § <br> HOLDINGS (USA), INC., THE § <br> GOLDMAN SACHS GROUP, INC., § <br> HSBC BANK USA, N.A., JPMORGAN § <br> CHASE & CO., and SWS GROUP, INC., § <br> § <br> Defendants. § <br> § | Civil Action No. 6:09-cv-326-LED <br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Realtime Data, LLC ("Realtime Data") files this First Amended Complaint of patent infringement and states as follows:

**THE PARTIES**

1. Plaintiff Realtime Data, doing business as IXO, is a limited liability company organized and existing under the laws of the State of New York with a principal place of business at 15 West 36th Street, New York, New York. Realtime Data is a developer of software and hardware based data compression products, ranging from data compression cards to rack-mounted storage servers. Realtime Data has worked with some of the largest technology companies in the world involved with the development of market data compression solutions.

2. Upon information and belief, Defendant Morgan Stanley is a corporation organized and existing under the laws of the State of Delaware with a principal place of business

at 1585 Broadway, New York, New York. Morgan Stanley is registered to do business in the State of Texas and has one or more locations within Texas. Morgan Stanley makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Morgan Stanley is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

3. Upon information and belief, Defendant Morgan Stanley & Co., Inc. (hereinafter, "Morgan Stanley & Co.") is a subsidiary of Defendant Morgan Stanley. Morgan Stanley & Co. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1585 Broadway, New York, New York. Morgan Stanley & Co. is registered to do business in the State of Texas and has one or more locations within Texas. Morgan Stanley & Co. makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Morgan Stanley & Co. is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N. St. Paul St., Dallas, Texas.

4. Upon information and belief, Defendant Bank of America Corporation (hereinafter, "Bank of America") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 100 North Tryon Street, Bank Of America Corporate Center, Charlotte, North Carolina. Bank of America is registered to do business in the State of Texas and has one or more locations within Texas. Bank of America makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Bank of America is qualified to do business in

the State of Texas and may be served via its registered agent CT Corporation System, 350 N. St. Paul Street., Dallas, Texas.

   5. Upon information and belief, Defendant Banc of America Securities LLC (hereinafter, "Banc of America Securities") is a subsidiary of Defendant Bank of America.  Banc of America Securities is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 9 W. 57th Street, New York, New York and operates Direct Access in Frisco, Texas.  Banc of America Securities is registered to do business in the State of Texas and has one or more locations within Texas.  Banc of America Securities makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas.  Banc of America Securities is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N. St. Paul St., Dallas, Texas.

   6. Upon information and belief, Defendant Merrill Lynch & Co., Inc. (hereinafter, "Merrill Lynch") is a subsidiary of defendant Bank of America.  Merrill Lynch is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 4 World Financial Center, New York, New York.  Merrill Lynch makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas.

   7. Upon information and belief, Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. (hereinafter, "Merrill Lynch, Pierce, Fenner & Smith") is a subsidiary of Defendant Bank of America.  Merrill Lynch, Pierce, Fenner & Smith is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 4 World Financial Center, New York, New York.  Merrill Lynch, Pierce, Fenner & Smith has one or more locations within

Texas. Merrill Lynch, Pierce, Fenner & Smith makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas.

8. Upon information and belief, Defendant The Bank of New York Mellon Corporation (hereinafter, "Bank of New York Mellon") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at One Wall Street, New York, New York. Bank of New York Mellon is registered to do business in the State of Texas and has one or more locations within Texas. Bank of New York Mellon makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Bank of New York Mellon is qualified to do business in the State of Texas and may be served via its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas.

9. Upon information and belief, Defendant BNY ConvergEx Group, LLC (hereinafter, "BNY ConvergEx Group") is a subsidiary of Defendant Bank of New York Mellon. BNY ConvergEx Group is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1633 Broadway, 48th Floor, New York, New York. BNY ConvergEx Group makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas.

10. Upon information and belief, Defendant BNY ConvergEx Execution Solutions LLC (hereinafter, "BNY ConvergEx Execution") is a subsidiary of Defendant Bank of New York Mellon. BNY ConvergEx Execution is a corporation organized and existing under the

4

laws of the State of Delaware with a principal place of business at 1633 Broadway, 48th Floor, New York, New York. BNY ConvergEx Execution is registered to do business in the State of Texas and has one or more locations within Texas. BNY ConvergEx Execution makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. BNY ConvergEx Execution is qualified to do business in the State of Texas and may be served via its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas.

11. Upon information and belief, Defendant Credit Suisse Holdings (USA), Inc. (hereinafter, "Credit Suisse") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 11 Madison Avenue, New York, New York. Credit Suisse is registered to do business in the State of Texas and has one or more locations within Texas. Credit Suisse makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Credit Suisse is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

12. Upon information and belief, Defendant Credit Suisse Securities (USA) LLC (hereinafter, "Credit Suisse Securities") is a subsidiary of Defendant Credit Suisse. Credit Suisse Securities is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 11 Madison Avenue, New York, New York. Credit Suisse Securities is registered to do business in the State of Texas and has one or more locations within Texas. Credit Suisse Securities makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of

Texas. Credit Suisse Securities is qualified to do business in the State of Texas and may be served via its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas.

13.     Upon information and belief, Defendant The Goldman Sachs Group, Inc. (hereinafter, "Goldman Sachs") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 85 Broad Street, New York, New York. Goldman Sachs is registered to do business in the State of Texas and has one or more locations within Texas. Goldman Sachs makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Goldman Sachs is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

14.     Upon information and belief, Defendant Goldman Sachs & Co. is a subsidiary of Defendant Goldman Sachs. Goldman Sachs & Co. is a corporation organized and existing under the laws of the State of New York with a principal place of business at 85 Broad Street, New York, New York. Goldman Sachs & Co. is registered to do business in the State of Texas and has one or more locations within Texas. Goldman Sachs & Co. makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Goldman Sachs & Co. is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

15.     Upon information and belief, Defendant Goldman Sachs Execution & Clearing, L.P. (hereinafter, "Goldman Sachs Execution") is a subsidiary of Defendant Goldman Sachs. Goldman Sachs Execution is a corporation organized and existing under the laws of the State of

New York with a principal place of business at 30 Hudson St., Jersey City, New Jersey. Goldman Sachs Execution is registered to do business in the State of Texas and has one or more locations within Texas. Goldman Sachs Execution makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. Goldman Sachs Execution is qualified to do business in the State of Texas and may be served via its registered agent Prentice Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas.

16. Upon information and belief, Defendant HSBC Bank USA, N.A. (hereinafter, "HSBC") is a corporation organized and existing under the laws of the State of Maryland with a principal place of business at One HSBC Center, Buffalo, New York. HSBC is registered to do business in the State of Texas and has one or more locations within Texas. HSBC makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. HSBC is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

17. Upon information and belief, Defendant HSBC Securities (USA) Inc. (hereinafter, "HSBC Securities") is a subsidiary of Defendant HSBC Bank. HSBC Securities is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 452 5th Avenue, New York, New York. HSBC Securities is registered to do business in the State of Texas and has one or more locations within Texas. HSBC Securities makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. HSBC Securities is qualified to do business in the

State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

18. Upon information and belief, Defendant JPMorgan Chase & Co. (hereinafter, "JPMorgan Chase") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 270 Park Avenue, New York, New York. JPMorgan Chase is registered to do business in the State of Texas and has one or more locations within Texas. JPMorgan Chase makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. JPMorgan Chase is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

19. Upon information and belief, Defendant J. P. Morgan Securities Inc. (hereinafter, "J. P. Morgan Securities") is a subsidiary of Defendant JPMorgan Chase. J. P. Morgan Securities is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 270 Park Avenue, New York, New York. J. P. Morgan Securities is registered to do business in the State of Texas and has one or more locations within Texas. J. P. Morgan Securities makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas. J. P. Morgan Securities is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

20. Upon information and belief, Defendant J. P. Morgan Clearing Corp. f/k/a Bear, Stearns Securities, Corp. (hereinafter, "J. P. Morgan Clearing") is a subsidiary of Defendant JPMorgan Chase. J. P. Morgan Clearing is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1 MetroTech Center North,

Brooklyn, New York.  J. P. Morgan Clearing makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas.

21.     Upon information and belief, Defendant SWS Group, Inc. (hereinafter, "SWS Group") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1201 Elm Street, Suite 3500, Dallas, Texas.  SWS Group is registered to do business in the State of Texas and has one or more locations within Texas.  SWS Group makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas.  SWS Group is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

22.     Upon information and belief, Defendant Southwest Securities, Inc. (hereinafter, "Southwest Securities") is a subsidiary of Defendant SWS Group.  Southwest Securities is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1201 Elm Street, Suite 3500, Dallas, Texas.  Southwest Securities is registered to do business in the State of Texas and has one or more locations within Texas.  Southwest Securities makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas.  Southwest Securities is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N Saint Paul Street, Dallas, Texas.

23.     Morgan Stanley, Morgan Stanley & Co., Bank of America Corporation, Banc of America Securities, Merrill Lynch, Merrill Lynch, Pierce, Fenner & Smith, Bank of New York Mellon, BNY ConvergEx Group, BNY ConvergEx Execution, Credit Suisse, Credit Suisse

Securities, Goldman Sachs, Goldman Sachs & Co., Goldman Sachs Execution, HSBC, HSBC Securities, JPMorgan Chase, J. P. Morgan Securities, J. P. Morgan Clearing, SWS Group, and Southwest Securities are collectively referred to herein as the "Defendants."

## JURISDICTION AND VENUE

24.     This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, 35 U.S.C. § 271 *et seq*.  This Court has subject matter jurisdiction over this action under Title 28, United States Code, §§ 1331 and 1338(a).

25.     This Court has personal jurisdiction over each of the Defendants.  The Defendants have conducted and do conduct business within the State of Texas.  The Defendants, directly or through intermediaries (including distributors, retailers, and others) make, distribute, offer for sale, sell, advertise, and use their products in the United States and the State of Texas.

26.     On information and belief, venue in this Judicial District is proper under Title 28, United States Code, §§ 1391 and 1400(b) because Defendants have regularly conducted business in this judicial district, and the acts complained of herein occurred in this judicial district.

## FACTS

27.     U.S. Patent No. 6,624,761 ("the '761 Patent"), entitled "Content Independent Data Compression Method and System," was duly and legally issued to Plaintiff Realtime Data on September 23, 2003.  A true and correct copy of the '761 Patent is attached as Exhibit A.

28.     U.S. Patent No. 7,161,506 ("the '506 Patent"), entitled "Systems and Methods for Data Compression Such As Content Dependent Data Compression," was duly and legally issued to Plaintiff Realtime Data on January 9, 2007.  A true and correct copy of the '506 Patent is attached as Exhibit B.

29. U.S. Patent No. 7,400,274 ("the '274 Patent"), entitled "System and Method for Data Feed Acceleration and Encryption," was duly and legally issued to Plaintiff Realtime Data on July 15, 2008. A true and correct copy of the '274 Patent is attached as Exhibit C.

30. U.S. Patent No. 7,417,568 ("the '568 Patent"), entitled "System and Method for Data Feed Acceleration and Encryption," was duly and legally issued to Plaintiff Realtime Data on August 26, 2008. A true and correct copy of the '568 Patent is attached as Exhibit D.

31. Plaintiff Realtime Data is the owner of the '761, '506, '274, and '568 patents (collectively, "Patents-in-Suit") with the right to collect damages for all relevant times, and has the right to prevent others from making, having made, using, offering for sale or selling products or services covered by such patents, as well as the right to enforce the '761, '506, '274, and '568 patents with respect to the Defendants.

32. On information and belief, Defendants have been and are, within this Judicial District, State, and elsewhere, using one or more data compressions products and/or systems manufactured, designed, produced, sold and/or offered for sale without license or authorization from Plaintiff Realtime Data.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT 6,624,761

33. Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-32, above.

34. Defendants have been and are now directing infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the '761 Patent.

35. Realtime Data has at all times complied with 35 U.S.C. § 287.

36.     Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '761 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

37.     As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT 7,161,506

38.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-37, above.

39.     Defendants have been and are now directing infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the '506 Patent.

40.     Realtime Data has at all times complied with 35 U.S.C. § 287.

41.     Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '506 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

42.     As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT 7,400,274

43.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-42, above.

44.     Defendants have been and are now directing infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the '274 Patent.

45.     Realtime Data has at all times complied with 35 U.S.C. § 287.

46.     Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '274 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

47.     As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT FOUR – INFRINGEMENT OF U.S. PATENT 7,417,568

48.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-47, above.

49.     Defendants have been and are now directing infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the '568 Patent in this District

and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the '568 Patent

50. Realtime Data has at all times complied with 35 U.S.C. § 287.

51. Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '568 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court. Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

52. As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT FIVE – WILLFUL INFRINGEMENT

53. Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-52, above.

54. To the extent that facts learned in discovery show that Defendants' infringement of the Patents-in-Suit is or has been willful, Plaintiff Realtime Data reserves the right to request such a finding.

## PRAYER FOR RELIEF

55. WHEREFORE, Realtime Data requests a judgment:

A. That Realtime Data is the owner of all right, title and interest in and to United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568, together with all rights of recovery under such patents for past and future infringements thereof;

   B. That Defendants have infringed United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568;

   C. That United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568 are valid and enforceable in law;

   D. Awarding to Realtime Data its damages caused by Defendants' infringement of United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568 including an assessment of pre-judgment and post-judgment interest and costs;

   E. Entering a permanent injunction against Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568, including without limitation from continuing to make, use, sell and/or offer for sale infringing compression-based data acceleration products;

   F. That this is an exceptional case and awarding to Realtime Data its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

   G. In the event a permanent injunction preventing future acts of infringement is not granted, that Realtime Data be awarded a compulsory ongoing licensing fee; and

   H. Awarding to Realtime Data such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

56. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

| | |
|---|---|
| Date: July 27, 2009 | Respectfully submitted, |

**MCKOOL SMITH, P.C.**

   /s/ Robert A. Cote

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Robert A. Cote
rcote@mckoolsmith.com
Brett E. Cooper
bcooper@mckoolsmith.com
Benjamin J. Warlick
bwarlick@mckoolsmith.com
399 Park Avenue, Suite 3200
New York, New York 10022
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

John M. Shumaker
jshumaker@mckoolsmith.com
Texas State Bar No. 24033069
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8736
Facsimile: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
REALTIME DATA LLC D/B/A/ IXO**