# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **REALTIME DATA, LLC d/b/a IXO** § § | | |
| **Plaintiff,** § § | | |
| vs. § § | **CASE NO. 6:09 CV 326** | |
| **MORGAN STANLEY, et al.,** § § | **PATENT CASE** | |
| **Defendants.** § § § | | |

## ORDER

This case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Judge Love issued a Report and Recommendation on Defendants' motion to dismiss (Docket No. 168) recommending that Defendants' motion be granted and that Realtime be granted leave to amend its complaint. The parties did not object to the Report and Recommendations, and Realtime has already filed its amended complaint.

After reviewing the Report and Recommendation and Realtime's complaint, the Court agrees that the complaint fails to comply with Rule 8. However, the Court writes to clarify its recent precedent. The Report and Recommendation implies that this Court requires a plaintiff to specifically identify for each defendant accused products, services, methods, or other infringing acts as to its direct infringement claims. Docket No. 168 at 6. While the Court has dismissed some complaints because the description of the infringement was too vague, it has not required a specific identification of accused products. *Compare Landmark Technology LLC v. Aeropostale*, 6:09cv262, Docket No. 122 (granting motion to dismiss where complaint accused "electronic commerce systems") *with Celltrace LLC v. MetroPCS Communications, Inc.*, 6:09cv371, Docket No. 63

(denying motion to dismiss where complaint accused "a network for communicating with cellular phones, said network comprising base stations and cellular phones"). The Court examines the description of the accused systems or devices in context to determine whether the description is sufficient, but has not required that individual products be identified. Similarly, the Court considers the description of the accused systems or methods in context to determine whether a defendant-specific identification is required.

As to indirect infringement claims, the Report and Recommendation implies that this Court's precedent require a plaintiff to identify which claims are indirectly infringed, identify which methods or systems indirectly infringe, and identify a direct infringer in reference to indirect infringement claims. *Id.* at 8. While the Court has required that a plaintiff identify a direct infringer and identify which methods or systems indirectly infringe the patent-in-suit, the Court examines the context of the complaint to determine whether specific claims must be identified as indirectly infringed.

Finally, the Court joins in Judge Love's concerns that motions of this nature require an unnecessary expenditure of the Court's and party's resources once a plaintiff has made its Patent Rule 3-1 disclosures. A plaintiff's Patent Rule 3-1 disclosures are far more specific than Rule 8's pleading requirements. Thus, motions of this type become moot on a practical level once the 3-1 disclosures are made. As Judge Love suggests, once the 3-1 disclosures are made, it would be more efficient for the parties to withdraw the motion to dismiss or move to strike or clarify the 3-1 disclosures if they are insufficient. As in all cases, the Court strongly encourages the parties to try this case on the merits and work out procedural disagreements without Court intervention.

With these clarifications, the Court adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

**So ORDERED and SIGNED this 10th day of June, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**