IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC d/b/a/ IXO, § | | |
| § | | |
| Plaintiff, § | Civil Action No. 6:09cv326-LED-JDL | |
| § | | |
| v. § | JURY TRIAL DEMANDED | |
| § | | |
| MORGAN STANLEY, ET AL., § | | |
| § | | |
| Defendants. § | | |

| | | |
|---|---|---|
| REALTIME DATA, LLC d/b/a/ IXO, § | | |
| § | | |
| Plaintiff, § | Civil Action No. 6:09cv327-LED-JDL | |
| § | | |
| v. § | JURY TRIAL DEMANDED | |
| § | | |
| CME GROUP, INC., ET AL., § | | |
| § | | |
| Defendants. § | | |

| | | |
|---|---|---|
| REALTIME DATA, LLC d/b/a/ IXO, § | | |
| § | | |
| Plaintiff, § | Civil Action No. 6:09cv333-LED-JDL | |
| § | | |
| v. § | JURY TRIAL DEMANDED | |
| § | | |
| THOMSON REUTERS CORP., ET AL., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER ON MOTION FOR RECONSIDERATION**

The above entitled and numbered civil actions were referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Magistrate Judge issued a Memorandum

Opinion and Order denying Defendants' Motions to Transfer Venue in these three related cases.[1] Defendants separately filed objections that were overruled on June 21, 2010.[2] Defendants in all three cases have now filed a Consolidated Motion for Reconsideration[3] asking the Court to revisit its decision not to transfer this case in light of *In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. June 24, 2010).

Having considered the arguments presented in light of *Zimmer,* the Court **DENIES** Defendants' Consolidated Motion for Reconsideration. The Magistrate Judge's Opinion and the Court's Order adopting that Opinion remain the findings of the Court.

### BACKGROUND AND THE PARTIES' CONTENTIONS

These cases' background was previously described in the Magistrate Judge's Venue Opinion and this Court's Order Adopting. Now, the parties present arguments asking the Court to reconsider its previous Order in light of *Zimmer*, issued three days after the Order Adopting. *Zimmer* reversed the district court's decision not to transfer a patent infringement case because the importance of co-pending litigation in the same forum was negated by other convenience factors. *Zimmer*, 609 F.3d at 1378, *rev'g MedIdea, LLC v. Zimmer Holdings, Inc.*, No. 2:09-cv-258 (Docket No. 44), 2010 WL 796738 (E.D. Tex. Mar. 8, 2010). In *Zimmer*, the district court had found that all of the convenience

---

[1] An identical Opinion ("the Realtime Venue Opinion" or "the Magistrate Judge's Opinion") was issued in all three cases on March 18, 2010 (6:09-cv-326, Doc. No. 140) (6:09-cv-327, Doc. No. 184) (6:09-cv-333, Doc. No. 112). This Opinion is also published as *Realtime Data, LLC d/b/a IXO v. Morgan Stanley*, No. 6:09-cv-326, 2010 WL 1064474 (E.D. Tex. Mar. 18, 2010).

[2] An identical Order adopting the Magistrate Judge's Opinion and overruling all of Defendants' objections was issued in all three cases (6:09-cv-326, Doc. No. 199) (6:09-cv-327, Doc. No. 255) (6:09-cv-333, Doc. No. 147) ("Order Adopting").

[3] Since the same briefing was filed in all three cases, the Court will reference the expedited briefing submitted in the Morgan Stanley action. For ease of docketing, the Consolidated Motion refers to: Civil Action No. 6:09-cv-326 (Doc. No. 223), Civil Action No. 6:09-cv-327 (Doc. No. 291), and Civil Action No. 6:09-cv-333 (Doc. No. 167).

factors either weighed against transfer or were neutral. *MedIdea*, 2010 WL 796738 at *2–4. The district court further found that judicial economy weighed against transfer because the case before it involved the same plaintiff and one of same patents as another recently filed case before it. *Id*. at *4. The Federal Circuit held that the convenience factors favored transfer and that judicial economy did not override this convenience because the two cases filed by the plaintiff were "in the infancy stages of litigation," shared only one overlapping patent of multiple patents-in-suit in each case, accused no overlapping defendants, and involved different products. *Zimmer*, 609 F.3d at 1382.

In their Motion for Reconsideration, Defendants argue *Zimmer* constitutes a "substantial clarification" of the law relating to the judicial economy factor in a § 1404(a) analysis. MOTION at 2–3. Defendants argue that here judicial economy is outweighed by the private interest factors that favored the Southern District of New York. Under Defendants' reading of *Zimmer*, "the private interest factors should normally control," even if it results in parallel litigation paths that negate judicial economy considerations. REPLY at 1.

Realtime responds that the Court has appropriately weighed the significance of the judicial economy considerations after *Zimmer*. Realtime argues that *Zimmer* does not alter the core teachings of *Regents of the University of California v. Eli Lilly & Co.*, and in certain circumstances, a court's prior experience with the patents-in-suit continues to be a "paramount consideration." RESPONSE at 6 (citing 119 F.3d 1559, 1565 (Fed. Cir. 1997) & *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen III*")). Realtime contends that where, as here, there are overlapping patents claiming similar underlying technology, as well as the same Magistrate Judge presiding over both the current and prior cases, there are "significant judicial efficiencies" that are distinguishable from the factual circumstances in *Zimmer*. RESPONSE at 2–5.

3

## LEGAL STANDARD

Under § 1404(a) the moving party must show "good cause" for transfer, and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). When examining whether a movant has satisfied its burden, the Court examines several private and public interest factors, none of which are given dispositive weight. *In re Volkswagen AG*, 317 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The Court considers private interest factors such as: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id*. The Court considers public interest factors such as: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local interests decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id*.

Judicial economy is an important consideration in the transfer analysis. *Volkswagen III*, 566 F.3d at 1351. Courts in this District have consistently recognized the pronounced significance of judicial economy in the § 1404(a) analysis in patent cases. *See Invitrogen Corp. v. Gen. Elec. Co.*, No. 6:08-cv-112, 2009 WL 331891, at *4 (E.D. Tex. Feb. 9, 2009); *J2 Global Commc'ns, Inc. v. Proctus IP Solutions, Inc.*, No. 6:08-cv-211, 2009 WL 440525 at *5–6 (E.D. Tex. Feb. 20, 2009) (denying transfer in four related infringement cases regarding the same patent to a district with related actions because the transferee forum had stayed the related actions and had not issued a claim construction ruling); *Zoltar Satellite Sys., Inc. v. LG Elecs.*, 402 F. Supp. 2d 731, 736–37 (E.D. Tex.

2005) (transferring case to court that had previously construed three of the four patents at issue and presided over a three week jury trial). In short, a court's familiarity with the issues and facts is a consideration that can weigh for or against transfer. *See In re Vtech Comm's*, No. 5:07-CV-00171, 2010 WL 46332, at *2 (Fed. Cir. Jan. 6, 2010); *U.S. Ethernet Innovations, LLC v. Acer et al.*, No. 6:09-cv-448, 2010 WL 2771842, at *6–7 (E.D. Tex. July 13, 2010) (Love, M.J.) ("*USEI*").

## DISCUSSION

The question here is whether *Zimmer* compels an outcome different from the Court's previous decision denying transfer. Although *Zimmer* issued after this Court's Order Adopting, *Zimmer* does not warrant a reversal of the Court's previous Order. While *Zimmer* does add to the body of law on transfer, it was not issued *en banc* and therefore cannot overrule a prior panel's opinion. *See Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008); *Hometown Fin., Inc. v. United States*, 409 F.3d 1360, 1365 (Fed. Cir. 2005) ("we are bound to follow our own precedent as set forth by prior panels"). Accordingly, *Zimmer* must be read in conjunction with the opinions that came before it. While not inconsistent, *Zimmer* stands in juxtaposition with *Volkswagen III,* 566 F.3d at 1349s, where mandamus was denied on the grounds of judicial economy. This case is more similar to *Volkswagen III* than *Zimmer*.

In *Volkswagen III*, the plaintiff brought two suits on the same three patents against a large number of foreign and domestic automobile companies. The domestic defendants were located across the country, while the foreign defendants were located across the globe. In a third suit, a defendant brought a declaratory judgment action, which was transferred to the district where the other cases were pending. That defendant sought a writ of mandamus to prevent the transfer but was denied any relief. The defendants in the first suit moved to transfer their case, and the district court

denied the motion. In denying the defendants' petition for writ of mandamus, the Federal Circuit stated:

> In this case, the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice. As the Supreme Court noted in *Continental Grain Co. v. The FBL 585*, 364 U.S. 19, 26 (1960), "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."
> Although these cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources.

*Volkswagen III*, 566 F.3d at 1351 (citations omitted).

Like *Volkswagen III,* the past and present *Realtime* cases have become large, complex litigations with large numbers of defendants and will require large investments of a court's time and energy. Although the present cases will not present identical issues of infringement as the earlier case and "may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources." *See id.* The Court's previous opinions set forth the significant investment of time and resources Judge Love has devoted to construing the '761 and '506 patents and his overall familiarity with the data compression technology underlying Realtime's infringement allegations. ORDER ADOPTING at 3, 7–9. While the infringement questions raised in this case are not identical to the previous case, the litigants and the court system will benefit from the efficiencies gained by "having the same district court try cases involving the same patents." *See id.*

However, even if a court were to determine that *Volkswagen III* should not control the outcome of this case, transfer would not be warranted under *Zimmer*. A critical difference between the circumstances in *Zimmer* and the circumstances here is the different judicial economy rationale

in each case. The judicial economy rationale reversed in *Zimmer* derived from the simultaneous litigation of co-pending cases in a single forum where no patents had been construed by the transferor court. By contrast, judicial economy in these cases is achieved through the significant judicial experience acquired by previously construing two of the patents-in-suit and also presiding over many other related disputes. The advanced stage of the earlier *Realtime* case is important because the time, effort, and resources devoted to that particular case can potentially reduce litigation costs and judicial resources expended in these cases. Judge Love's knowledge and familiarity with the Realtime patents is unique to this District. In *Zimmer*, the perceived efficiencies were not tied to the transferor court's prior investment in the case, but only its speculative anticipated investment. *See Zimmer*, 609 F.3d at 1382 (specifically referencing the age of the cases).

In these cases, Judge Love has already construed claim terms from two of the four patents-in-suit, and the risk of inconsistent claim construction strongly favors having the '761 and '506 patents construed in the same forum. The importance of uniformity in claim construction was extensively discussed by the Supreme Court in *Markman* as a compelling justification for creating the Court of Appeals for the Federal Circuit. *Markman v. Westview Instruments*, 517 U.S. 370, 390 (1996). Since then, many cases considering the interplay between judicial economy and the risk of inconsistent claim construction have discussed the importance of uniform treatment of a patent. *USEI*, 2010 WL 2771842, at *8, n.8 (transferring a patent infringement case under a judicial economy rationale, in-part, to avoid the risk of inconsistent claim construction); *see also J2 Global Commc'ns, Inc. v. Proctus IP Solutions, Inc.*, No. 6:08-cv-211, 2008 WL 5378010, at *5 (E.D. Tex. Dec. 23, 2008) (Love, M.J.); *Logan v. Hormel Foods Corp.*, No. 6:04-cv-211, 2004 WL 5216126, at *2 (E.D. Tex. Aug. 25, 2004) (Davis, J.) ("The prospect of inconsistent claim construction favors

7

resolving related patent cases in the same forum when possible.") (internal citation omitted). "[T]wo claim constructions on the same patent risk inconsistency, create greater uncertainty regarding the patent's scope, and impede the administration of justice." *USEI*, 2010 WL 2771842, at *8, n.8 (quoting *MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004) (Davis, J.)). Accordingly the "interest of justice" promoted under the public interest factors is not advanced by transferring these cases to a court that will have to educate itself on the underlying technology and rehear many of the same arguments. Similar concerns were not present in *Zimmer*.

Additionally, the degree of overlap in these cases is greater than what was presented in *Zimmer*. The parties dispute the methodologies used to calculate the exact degree of overlap between the active *Realtime* cases and the previous *Realtime* case, but the methodology is unimportant in light of the practical realities. Plainly, the two common patents here establish a greater degree of overlap than what was present in *Zimmer*.

In *Zimmer*, the Federal Circuit discounted the weight given to judicial economy because the minimal overlap—one patent of sixteen total patents-in-suit covering a range of hip, shoulder, and knee implants—between the suits. In contrast, here there are legitimate reasons to assume that the Court's familiarity with the overlapping '761 and '506 patents "could preserve time and resources." *Volkswagen III*, 566 F.3d at 1351; *see also USEI*, 2010 WL 2771842, at *6–7 (acknowledging the efficiencies gained by transferring the case to a court that had presided over a previous trial and had invested substantial time and resources to the overlapping patents-in-suit); *Invitrogen*, 2009 WL 331891, at *4 (finding that judicial economy weighs in favor of the court that had previously adjudicated three of the six asserted patents).

Furthermore, from the previous *Realtime* case, Judge Love is now knowledgeable in the

complex principles of data compression. Requiring the parties to educate another judge in this complex technology would waste their client's money and the court's resources. *Cf. In re Zimmer*, 609 F.3d at 1382 (the distinct orthopaedic categories of hip, shoulder, and knee implant technology of the *Zimmer* patents did not warrant such concerns); *MedIdea, LLC v. Zimmer Holdings, Inc.*, 2:09cv258 (Docket No. 44) 2010 WL 796738 at * (E.D. Tex. March 8, 2010). The overlap between the Realtime patents—dealing with data compression technology—coupled with the history of corresponding litigation, make judicial economy extremely important.

Defendants read *Zimmer* as a "clarification" of the "significance of the § 1404(a) 'judicial economy' factor," MOTION at 2, but nothing in *Zimmer* indicates that judicial experience gained from previous litigation is not important. *See Volkswagen III*, 566 F.3d at 1351 ("the existence of multiple lawsuits involving the same issues is a paramount consideration"). Instead, *Zimmer* addresses proposed efficiencies resulting from co-pending litigation and does not address how judicial economy should be weighed in relation to other factors. The clarification provided in *Zimmer* arose in a context where the transferor court had limited previous experience with the patents and technology. While the Federal Circuit makes clear in *Zimmer* that the district court erred in assigning undue weight to minimally overlapping, co-pending cases, the actual language used in *Zimmer* appears consistent with the policy of judicial synergies adopted in earlier cases. *Zimmer* instructs that the significance of judicial economy is based on "the circumstances of [the] case," *Zimmer*, 609 F.3d at 1382, and there is no additional language to support Defendants' conclusion that "the private interest factors should normally control." REPLY at 1. Accordingly, the Magistrate Judge's Opinion and the Order Adopting correctly weighed the public and private interest factors.

## CONCLUSION

The remainder of Defendants' objections to the Order Adopting are without merit. For the foregoing reasons, the Court **DENIES** the Consolidated Motion for Reconsideration of the Court's June 21, 2010 Order Regarding Transfer.

**So ORDERED and SIGNED this 28th day of October, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**