**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A IXO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 6:09-cv-326-LED-JDL |
| | § | Civil Action No. 6:10-cv-248-LED-JDL |
| MORGAN STANLEY, ET AL., | § | Civil Action No. 6:10-cv-426-LED-JDL |
| | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |
| | § | |

## PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Materials, documents, and information containing confidential and/or proprietary technical, sales, marketing, financial, client/customer data, or other business information, other commercially sensitive information and/or trade secrets ("Proprietary Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Proprietary Information could severely injure or damage the party disclosing or producing the Proprietary Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Proprietary Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Proprietary Information as to the confidential, proprietary, and/or trade secret nature of such Proprietary Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

1

**IT IS THEREFORE ORDERED THAT:**

1) Information, materials, discovery responses, or transcripts containing Proprietary Information that are disclosed or produced by any party in this litigation are referred to as "Protected Materials". The party producing discovery material may designate as "CONFIDENTIAL" any information that it in good faith believes embodies confidential, commercially sensitive or proprietary information. Additionally, the party producing discovery may designate as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" any information that it in good faith believes embodies a trade secret or is information that gives one party a competitive advantage in the marketplace over another party or could otherwise significantly prejudice the business of the producing party if revealed to another party. Moreover, any party may designate as "HIGHLY CONFIDENTIAL – SOURCE CODE" information that would otherwise qualify as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" as discussed below in paragraph 11. Except as otherwise indicated below, all information, materials, discovery responses, or transcripts designated by a producing party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Materials and are entitled to confidential treatment as described below.

2) All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any Protected Materials shall also be considered Protected Materials and treated as such under this Order.

3) Protected Materials shall not include (a) publicly available advertising materials, or (b) materials that on their face show that they have been published to the general public.

4) Documents that have been produced prior to the entry of this Order which have been designated confidential in accordance with Patent Local Rule 2-2 shall be considered Protected Materials under this Order.

5) At any time after the delivery of Protected Materials, counsel for the party or parties receiving the Protected Materials may challenge the designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Materials. The parties shall then attempt to resolve such dispute in good faith on an informal basis. If the parties are unable to resolve their dispute informally, then the person challenging the designation (the "Challenging Party") may request appropriate relief from the Court. In connection with any such request for relief, the Challenging Party must identify with particularity the specific document or information that the Challenging Party believes was improperly designated and state with particularity and detail the factual and legal grounds on which the Challenging Party disagrees with the

designation. The restricted status of such information will remain unless and until the Court rules and determines that such information is not entitled to its designated status. It shall be the burden of the Challenging Party to make out a *prima facie* case that the contested Protected Document is not confidential and is not entitled to the level of confidentiality selected by the Designating Party. In response to such a *prima facie* case, the Designating Party bears the burden of proof to show by a preponderance of the evidence that there is good cause for the document to have the protection claimed by the Designating Party.

6) Confidential Treatment. Except as provided for below, Protected Materials and any information contained therein shall be held in confidence by each person to whom it is disclosed, shall be used only as allowed by the terms of this Protective Order, shall be used only for purposes of the prosecution and defense of the above captioned litigation only, shall not be used for any business purpose or other purpose whatsoever, and shall not be used or shown, disseminated, copied, or otherwise disclosed to anyone not entitled to such information as herein provided. All produced Protected Materials and any information contained therein shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. In addition, except in connection with a deposition outside the United States:

   A) Protected Materials, whether in electronic or hard copy form (including but not limited to any notes or other documents concerning Protected Materials) will only be reviewed in the United States;

   B) Protected Materials, whether in electronic or hard copy form (including but not limited to any notes or other documents concerning Protected Materials) will not be shipped or transported outside of the United States;

   C) No remote access to any Protected Materials, whether in electronic or hard copy form (including but not limited to any notes or other documents concerning Protected Materials), will be provided or permitted to a person at the time physically located outside of the United States.

7) Protected Materials designated "CONFIDENTIAL," and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

   A) Members and employees of outside counsel of record in this action whose duties and responsibilities require access to such materials. The current counsel of record are as follows:

      1. Skadden, Arps, Slate, Meagher, & Flom LLP
      2. Ireland, Carroll, and Kelley, PC
      3. Fish & Richardson P.C.
      4. Parker, Bunt & Ainsworth P.C.

        5.      Kirkland & Ellis LLP

        6.      Yarbrough & Wilcox PLLC

        7.      Locke, Lord, Bissell, & Liddell LLP

        8.      McKool Smith, P.C.

B)    In-house attorneys (including contract attorneys) or non-lawyer personnel of a party who are actively engaged in assisting outside counsel of record with respect to this litigation; *provided, however*, that the disclosure to any such person pursuant to this subpart is only after compliance with Paragraph 9 below and must be reasonably necessary to assist in the prosecution or defense of this litigation. However, in-house attorneys for defendants (including contract attorneys) and non-lawyer personnel for any defendant under this subparagraph shall not have access to any other defendants' Protected Materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE;"

C)    Outside experts and consultants (collectively, referred to herein as "Expert" or "Experts") who are engaged or potentially engaged for the purposes of this action by a party and their support personnel, but only after compliance with Paragraph 9 below. For purposes of this Order, an Expert shall be defined as a person who is neither an employee or consultant of a party nor anticipated to become an employee or consultant in the near future, and who is retained or employed as a bona fide expert, consultant or investigator for purposes of this litigation by or at the direction of counsel for a party;

D)    Deposition witnesses and their counsel representing them during the course of a deposition, provided that the witness is an employee of the producing party, the witness was an author or recipient of the document, or after compliance with Paragraph 9 below;

E)    Court reporters and videographers taking testimony involving Protected Materials and their support personnel;

F)    Outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., jury consultants and research personnel, graphic designers and animators), who are contractually bound not to disclose such documents and information by the parties retaining them;

G)    Translation services necessary for translating documents in this case;

H)    Any person to whom the producing party agrees to provide a copy; and

I)    The Court, jury, and Court personnel.

8) Protected Materials and any information contained therein shall be used solely for purposes related to this litigation. Notwithstanding the restrictions in this protective order, access by individuals identified in Paragraph 7 (A)-(C) to Protected Documents, designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not preclude any such individuals from being able to participate fully in any proceeding before the PTO regarding any reexamination of the patents-in-suit that is not initiated by Realtime.

No person who receives or reviews documents designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" originating from any other party in this case may participate either directly or indirectly (e.g., by advising) in the drafting or amending of any patent claims, other than in a reexamination of a patent-in-suit that is not initiated by Realtime, relating to the subject matter of the Protected Materials reviewed in this lawsuit from the time of receipt or review of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against the party in this action. However, such individuals may provide copies of non-confidential prior art or other non-confidential information to counsel involved in prosecution to be provided to the U.S. Patent Office.

Protected Materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be used directly or indirectly in the prosecution of patents related to the subject matter of the Protected Materials for entities other than the producing party from whom the information originates.

9) Before a party can disclose Protected Materials to a person under Paragraphs 7(B) or 7(C) or any person under Paragraph 7(D) (who is not an employee of the producing party or an author or recipient of the document), that party must provide written notice for same-day delivery to all counsel no less than ten (10) days prior to any disclosure of the Protected Materials.

   A) For persons described in Paragraph 7(C), the written notice shall contain the name, title, business address, residence state and country, present occupation (or job description), past and present business relationships with the party retaining them or other party to the litigation, curriculum vitae of the person to whom the information will be disclosed, a list of all instances in which, during the last four (4) years, the Expert provided consulting services (regardless of whether the purpose of the consultancy was litigation), was retained as an expert, and/or testified by trial or deposition, and an undertaking in the form of Exhibit A signed by that person (such original signed document to be kept by the attorney retaining such person). A separate undertaking shall not be required for staff members working under the supervision of an individual signing a Undertaking in the form of Exhibit A. An individual signing a

        Undertaking in the form of Exhibit A, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with terms of this Protective Order. In the event such proposed expert is prohibited due to confidentiality obligations to a third party from disclosing a present or prior employment or consultancy, the expert shall so state and shall in that case disclose such information as the expert is permitted to provide regarding the nature of the employment or consultancy (such as, e.g., the industry or technology involved in the employment or consultancy; whether the employment or consultancy was for a competitor of a party; and like information) to enable, to the extent possible, the other party to determine whether or not to object to the Expert.

    B)    For persons described in Paragraphs 7(B) and 7(D), the written notice shall contain the name, title, business address, and an undertaking in the form of Exhibit A signed by that person.

If within ten (10) days after receipt of the notice of intent to disclose, counsel for the party producing the Protected Materials does not object to the disclosure, any Protected Materials designated by that party may be disclosed to such person. Failure to object within the ten (10) day period shall be deemed approval, but shall not preclude a producing party from objecting to continued access to Protected Materials by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel. If within ten (10) days of receipt of such notice, counsel for the party producing the Protected Materials objects to such intended disclosure, disclosure of information designated by the producing party shall not be made until such objection is resolved by agreement of the parties, by a ruling of a Court on a motion by the producing party, or as otherwise set forth below.

Counsel's objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing and served on all parties to the action within the ten (10) day period. The parties shall meet and confer to attempt to resolve the dispute within ten (10) days from the date of mailing or electronic delivery of the objection. If the parties cannot resolve the dispute, the party seeking disclosure may move the Court for an order that access to Protected Materials be provided to the designated person. Such motion shall be made within ten (10) days of the mailing or electronic delivery of the objection. If the parties cannot resolve the dispute and the party seeking disclosure does not make such a motion within ten (10) days of the mailing or electronic delivery of the objection, disclosure of the Protected Materials shall not be made to the designated person(s).

10)    In addition to the restrictions for Protected Materials discussed above, Protected Materials designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall not generally be available to persons identified in Paragraph 7(B) above and shall instead only be available to persons

identified in Paragraph 7(A) and Paragraphs 7(C)-(I) above. Notwithstanding the foregoing, and only after compliance with Paragraph 9 above, (a) Realtime may designate up to two (2) Realtime personnel who are actively engaged in assisting outside counsel of record with respect to this litigation to view "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Protected Materials of the defendants; and (b) each defendant may designate up to two (2) personnel who are employed by such defendant and who are actively engaged in assisting outside counsel of record with respect to this litigation to view "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Protected Materials. If any non-lawyer personnel are designated by Realtime or defendants pursuant to this paragraph, their access to Protected Materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall be limited to revenue and cost information, market share information, and license agreements of the opposing party. Non-lawyer personnel shall not have access to other Protected Materials, such as technical documents, designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." For purposes of clarity, in-house attorneys (including contract attorneys) and non-lawyer personnel for any defendant shall not have access to any co-defendants' Protected Materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

11) Each party shall have the right to designate any source code (including comments contained therein), object code, RTL, HDL or other hardware description language, live data (that is, data as it exists residing in a database or databases), or pseudo-source-code (i.e., a notation resembling a programming language but not intended for actual compilation, which usually combines some of the structure of a programming language with an informal natural-language description of the computations to be carried out) ("Code"), and copies thereof as "HIGHLY CONFIDENTIAL – SOURCE CODE." Nothing in this protective order shall require the producing party to provide executable code, and no electronic copies of Code may be made, except by the producing party and as set forth in paragraph 13. Under no circumstances shall the Code be compiled into executable code by the requesting party. For purposes of this paragraph, the "requesting party" includes experts and consultants retained by the requesting party to review Code in compliance with Paragraph 9 and outside counsel of record as set forth in Paragraph 7.

Code may be accessible only to members and employees of outside counsel of record for a party or parties to whom such Code was produced and whose duties and responsibilities require access to such materials, outside Experts and consultants identified in Paragraph 7(C) who are engaged by the party or parties to whom such Code was produced but only after compliance with Paragraph 9 above, and persons identified in Paragraphs 7(D), (E), (H), and (I). In addition, information, documents and things designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" will further will be subject to the additional restrictions and provisions of Paragraphs 12 and 13.

12) Code designated under Paragraph 11 shall be made available to the requesting party subject to the restrictions in Paragraph 13 as follows, or as otherwise agreed (if more than one location is specified, the producing party may select any one of the listed locations):

   A) Realtime Data, LLC will make its Code available for inspection at the Dallas office of McKool Smith, 300 Crescent Court, Dallas, Texas, 75201, or at the Austin office of McKool Smith, 300 W. 6th Street, Austin, Texas, 78701.

   B) Morgan Stanley, Morgan Stanley & Co. Incorporated, J.P. Morgan Chase & Co., J.P. Morgan Securities, Inc., J.P. Morgan Clearing Corp., The Bank Of New York Mellon Corporation, Credit Suisse Holdings (USA), Inc., Credit Suisse Securities (USA) LLC, The Goldman Sachs Group, Inc., Goldman, Sachs & Co., Goldman Sachs Execution & Clearing, L.P., SWS Group, Inc., and Southwest Securities, Inc. will make its Code available for inspection at either the New York or the Palo Alto office of Skadden, Arps, Slate, Meagher, & Flom LLP.

   C) Bank of America Corporation, Banc of America Securities LLC, Merrill Lynch & Co., Inc., and Merrill Lynch, Pierce, Fenner & Smith Incorporated will make its Code available for inspection at either the New York or the Dallas offices of Fish & Richardson P.C.

   D) BNY ConvergEx Group, LLC and BNY ConvergEx Execution Solutions LLC will make their Code available for inspection at either the New York or Chicago offices of Kirkland & Ellis LLP.

   E) HSBC Bank USA, N.A. and HSBC Securities (USA), Inc. will make their Code available for inspection at either the Dallas or New York offices of Locke, Lord, Bissell, & Liddell LLP.

13) Where a party (Plaintiff or Defendants) is making its Code available via inspection as specified in Paragraph 12, it shall be made available for inspection during normal business hours (9:00 a.m. to 5:00 p.m. local time, Monday–Friday, excluding holidays) upon five business (5) days notice of a first inspection and upon three (3) days notice of subsequent inspections (and other days and/or times upon reasonable request). The party providing the inspection shall provide a stand-alone computer (that is not connected to a network, internet, or peripheral device) for reviewing and analyzing the Code. But, the party providing the inspection may not configure the computer in a manner that unreasonably impedes or slows the requesting party's ability to inspect the Code and may not attempt to track or otherwise observe the requesting party's review of the Code. The stand-alone computer shall have the necessary technology and software to allow for proper viewing, analysis and searching of the Code. If requested by the requesting party, the party providing the inspection shall load any reasonable software analysis tools provided by the requesting party. The stand-alone

computer may be equipped to store print requests in a print folder. If the requesting party is technically unable to view any of the Code, the requesting party will notify the party providing the inspection with the portions of Code that cannot be reviewed. The party providing the inspection will take reasonable steps to ensure that the requesting party is able to review such portions, including loading any necessary software to facilitate review.

To the extent reasonable and not unduly burdensome, the Code shall be viewable in the same format (including directory structure) as it appears to the producing party's software engineers who are responsible for reviewing, modifying, and maintaining the Code.

For all parties (Plaintiff and Defendants), at the request of the requesting party, the party providing the inspection shall provide the requesting party paper copies of reasonable portions of the Code identified by the requesting party. The party providing the inspection will provide such copies to the requesting party on the same day or within four (4) days of the reviewing party's request, unless otherwise agreed. The party providing the inspection shall mark such copies clearly and prominently as "HIGHLY CONFIDENTIAL – SOURCE CODE" and affix individual production numbers.

Paper copies of Code must be kept under lock and key or secured otherwise under the control of outside counsel or by a person who has been cleared as an Expert. Paper copies of Code may not be converted into electronic format (including for emailing) except as needed for filing or service of papers (including expert reports and discovery responses), motions, exhibits and pleadings, made under seal, or trial or hearing presentation. Any deposition transcript may be electronically stored in outside counsel's deposition database. Paper copies of Code may not themselves be copied, except to provide a copy to a person who has been cleared as an Expert for the receiving party and except for use as exhibits for a deposition, expert report, motion, filing, hearing or trial.

Portions of deposition transcripts that contain reference to Code or exhibits with Code may be designated "HIGHLY CONFIDENTIAL – SOURCE CODE." All such original Paper copies are to be kept under lock and key or otherwise secured at the offices of outside counsel of record, or at the office of an expert approved under this protective order. Paper copies of source code may not be removed from a secured container unless in a secured area under the control of outside counsel of record or an expert approved under the protective order. Any printed Code filed with the Court shall be filed under seal as provided in Paragraph 14. Other than outside counsel for the receiving party, only those individuals authorized and identified in Paragraph 11 shall be allowed to access printed Code.

The reviewing party may take written notes of portions of the Code and other such notes as may be reasonably necessary to facilitate inspection of the Code, except that reviewing party shall not make verbatim copies of any Code. Any

such notes shall be treated the same way as Code and shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE".

The requesting party may request that the producing party's Code be made available at the deposition of any person authorized to review the Code under Paragraph 11, or the deposition of the producing party, its employees, consultants or experts, by giving the producing party at least five (5) days notice of the request before the deposition. The producing party will then make a computer containing its Code available in searchable format at the deposition.

14) All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," or which contain information so designated, shall be filed under seal in accordance with Local Rule CV-5(a)(7), or if electronic submission is impossible, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "Confidential [or Highly Confidential – Outside Attorneys' Eyes Only or Highly Confidential – Source Code] – Under Protective Order" and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

15) Defendants may disclose Protected Materials produced by Plaintiff to other defendants in this action or in the related actions subject to the terms of this Protective Order. Plaintiff may not disclose a Defendant's Protected Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to another defendant in this action or in any other action who is not described in Paragraph 7(A) or (D). Plaintiff may not disclose a Defendant's Protected Materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" to another defendant in this action or in any other action unless, at least three (3) days prior to the disclosure, Plaintiff notifies the producing party in writing of the planned disclosure. The notification shall specifically identify the Protected Materials to be disclosed and the party to which Plaintiff seeks to disclose the specified Protected Materials. In the event that the producing party objects in writing to the disclosure within the three (3) day period, the Protected Materials may not be disclosed until the producing party consents, or, after a good faith attempt to resolve the issue by the parties, the Court rules in favor of the Plaintiff.

16) The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

17) To the extent that Protected Materials or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Materials or information contained therein.

18) Any court reporter, videographer, or transcriber who reports or transcribes testimony in this action shall agree that all Protected Materials appropriately designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.  Counsel for a producing party may designate a deposition transcript under this protective order by stating on the record that it shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY."  If counsel for a producing party does not designate a deposition transcript as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" during the deposition, the deposition transcript shall nevertheless be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" for 30 days following the release of the transcript during which time the producing party may elect to designate all or part of the deposition transcript under this protective order.

19) Inadvertent and/or unintentional production of documents or information containing Proprietary Information which are not designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Promptly upon learning of such inadvertent or unintentional production, the producing party shall so notify the receiving part(ies) of the proper designation, at which time the receiving party shall treat all such information in accordance with any revised designations.  Nothing in this Order shall require disclosure of material that a party contends is protected from disclosure by attorney-client privilege or the attorney work-product immunity or any other applicable form of immunity.  This shall not preclude any party from moving the Court for an order directing the disclosure of such material.

20) Inadvertent and/or unintentional production of Protected Materials or documents or information subject to attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is a Protected Document, privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party notifies the receiving party in writing within 10 days of discovery of such information.  Upon receiving such notice, the receiving party will take commercially reasonable steps to immediately return such information or documents, including all copies thereof, to the producing party.

Alternately, the receiving party shall immediately confirm in writing that it has taken commercially reasonable steps to delete all electronic copies of such documents from electronic records and to destroy all paper copies. If the receiving party has disclosed the information to others before being notified of the claim of privilege or protection, the receiving party must take reasonable steps to retrieve and return or destroy the disclosed information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned. The receiving party may move the Court for an Order compelling production of such information (based on information independent of the content of the allegedly privileged materials in question), but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. If a claim is disputed, the receiving party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court. If a party becomes aware that it has received documents that are clearly privileged, the party receiving the privileged documents will promptly notify the producing party of receipt of the documents and return or destroy all copies of the privileged documents.

21) In the event of any unintentional or inadvertent disclosure of Protected Materials other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including retrieving all copies of the Protected Materials from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Materials in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

22) The party or parties receiving Protected Materials shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Materials or any information contained therein. The party or parties receiving Protected Materials shall also take sufficient security measures to ensure the Protected Materials are secure and protected from inadvertent disclosure to unauthorized persons.

23) After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Materials for enforcement of the provisions of this Order following termination of this litigation.

24) Within forty-five (45) calendar days of final termination of this action by dismissal, judgment, or settlement, including any appeals, counsel for the party or parties receiving Protected Materials shall take commercially reasonable steps to return the Protected Materials to the counsel for the party or parties disclosing or

      producing the Protected Materials or certify that counsel and its client(s) have taken commercially reasonable steps to destroy the Protected Materials. Counsel of record may retain a copy of any pleading, transcript (*e.g.* deposition, hearing, or trial), or exhibit thereto filed with the Court or served on opposing counsel regardless of its confidentiality designation. The party or parties receiving the Protected Materials shall be entitled to keep their attorney work product which refers or relates to any Protected Materials. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Materials or any information contained therein.

25) This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

26) This Order shall apply to a non-party who produces Protected Materials in the case to the same extent as it does to parties, as long as that non-party agrees in writing to be bound by the terms of this Order. A party and non-party will both be referred to herein as party or parties.

27) This Order shall not prevent the parties from applying to the Court for relief herefrom, or from applying to the Court for further or additional relief by ways of protective orders or otherwise, or from agreeing between themselves, subject to approval of the Court, to modification of this Protective Order.

28) Notwithstanding any other provision herein, nothing in this Order shall prevent any party from complying with any applicable governmental law, rule, or regulation, including the Board of Governors of the Federal Reserve Systems' Rules Regarding the Availability of Information, SR 97-17, and SR 07-19.

**SO ORDERED**.

              **So ORDERED and SIGNED this 16th day of November, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A IXO, | § § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 6:09-cv-326-LED-JDL |
| | § | Civil Action No. 6:10-cv-248-LED-JDL |
| MORGAN STANLEY, ET AL., | § | Civil Action No. 6:10-cv-426-LED-JDL |
| | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |
| | § | |

UNDERTAKING OF _____.

I, _____, state that:

1. My business address is _____.

2. My present employer is _____.

3. My present occupation or job description (including my title) is _____.

4. My past and present business relationships with the parties to this litigation are: _____.

5. For experts or consultants only, copy of my curriculum vitae is attached hereto.

6. In accordance with paragraph 9 of the applicable protective order, I have provided a list of all instances in which, during the last four (4) years, I provided consulting services (regardless of whether the purpose of the consultancy was litigation) or I was retained as an

expert, and/or testified by trial or deposition. The only exception to the preceding sentence is that in the event I am prohibited due to confidentiality obligations to a third party from disclosing a present or prior employment or consultancy, I have so stated and have in that case disclosed such information as I am permitted to provide regarding the nature of the employment or consultancy (such as, e.g., the industry or technology involved in the employment or consultancy; whether the employment or consultancy was for a competitor of a party; and like information).

7. I have received a copy of the Protective Order in this action signed by the Court.

8. I have read and understand all the provisions of the Protective Order.

9. I will hold in confidence, will not use and will not disclose to anyone not qualified under the Protective Order any materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," which are disclosed to me, except as otherwise permitted by the Court or by the agreement of the parties.

10. I will not take, transmit, or access outside of the continental United States any Protected Materials (as defined in the applicable Protective Order), whether in electronic or hard copy form (including but not limited to any notes or other documents concerning Protected Materials) which are designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

11. Having read the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.

12. I agree to take commercially reasonable steps to return or destroy and certify destruction of all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," materials which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained. I will do this immediately upon receiving a request from the counsel for the party for whom I was employed or retained or, in

any event, by no later than thirty days after I have been notified that litigation between the parties has ended.

13. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcement of this Protective Order.

14. I hereby agree to personally appear before the United States District Court for the Eastern District of Texas for the purpose of enforcement of this Protective Order and/or for the purpose of resolving any issue that might arise in connection with my involvement in this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

DATE:_____                    _____
                                                                (signature)