

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE BNY CONVERGEX GROUP, LLC AND BNY CONVERGEX EXECUTION SOLUTIONS, LLC,
*Petitioners.*

---

Miscellaneous Docket No. 961

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case nos. 09-CV-0326, 10-CV-0248, and 10-CV-0426, Judge Leonard Davis.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

Before LOURIE, MAYER, and DYK, *Circuit Judges.*

DYK, *Circuit Judge.*

## ORDER

BNY ConvergEx Group, LLC et al. (BNY), the defendants in a patent infringement action, seek a writ of mandamus to direct the United States District Court for the Eastern District of Texas to vacate its August 26, 2010 order denying BNY's motion to dismiss for lack of personal jurisdiction, and to direct the court to dismiss

the underlying complaint.   The plaintiff in the action, Realtime Data, LLC, opposes.

An order denying a motion to dismiss for lack of personal jurisdiction cannot be appealed as a matter of right as soon as it is entered.  Thus, a party must ordinarily wait until final judgment has issued before seeking appellate review.   Still, as is evidenced by this petition, some defendants seek an end run around the final judgment rule by asking the court of appeals to issue mandamus.

The petitioners contend that they can demonstrate that the trial court's jurisdictional decision was clearly incorrect and further assert that waiting for final judgment would result in a "gross miscarriage of justice," presumably meaning that if they are correct then they will have been forced to expend unnecessary costs associated with a trial that should have not occurred in the first place.

To issue mandamus solely for this reason, however, would clearly undermine the extraordinary nature of its form of relief.   To grant mandamus simply because a party asserts it will be forced to expend unnecessary costs would make a large class of interlocutory orders routinely reviewable.  *See Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) ("[I]t is established that the extraordinary writs cannot be used as substitutes for appeals . . . even though hardship may result from delay and perhaps unnecessary trial").

For these reasons, mandamus is reserved generally for those interlocutory orders that are clearly and indisputably incorrect and then only if such error cannot be effectively reviewed at the end of the case.  We cannot say that this is such a case.

Accordingly,

3                                        IN RE BNY CONVERGEX GROUP

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

                                         FOR THE COURT

DEC 0 8 2010                             /s/ Jan Horbaly
─────────────────                        ─────────────────
        Date                             Jan Horbaly
                                         Clerk

cc:  John C. O'Quinn, Esq.
     Dirk D. Thomas, Esq.
     Clerk, United States District Court for the Eastern
District Of Texas

s19
                                         FILED
                                         U.S. COURT OF APPEALS FOR
                                         THE FEDERAL CIRCUIT

CERTIFIED COPY                           DEC 0 8 2010
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.                 JAN HORBALY
                                         CLERK
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: _____ Date: 12/8/10