**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A/ IXO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:09-cv-326-LED |
| | ) | |
| vs. | ) | |
| | ) | |
| MORGAN STANLEY, ET AL. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A/ IXO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:09-cv-327-LED |
| | ) | |
| vs. | ) | |
| | ) | |
| CME GROUP, INC., ET AL. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A/ IXO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:09-cv-333-LED |
| | ) | |
| vs. | ) | |
| | ) | |
| THOMSON REUTERS, ET AL. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF REALTIME DATA'S REPLY IN SUPPORT OF ITS MOTION FOR EXPEDITED BRIEFING OF PLAINTIFF'S MOTION TO LIFT THE STAY PENDING RESOLUTION OF REALTIME'S PETITION FOR REHEARING AND REQUEST FOR REHEARING EN BANC (D.I. NOS. 349 (MORGAN STANLEY), 470 (CME) AND 262 (THOMPSON REUTERS)**

Plaintiff Realtime Data, LLC ("Realtime") respectfully submits that Defendants' Oppositions (D.I. Nos. 471 (CME); D.I. No. 263 (Thomson Reuters) and D.I. No. 350 (Morgan Stanley) rest on two factually flawed arguments.

First, Defendants attempt to shift the focus away from the prejudicial delay in discovery that already has elapsed. Instead they argue that Realtime has waited too long to ask this Court to lift its *sua sponte* stay. This quibble by Defendants ignores the intervening Fourth of July holiday and the decision by Realtime late last week to attempt to seek cooperation from Defendants by requesting a meet and confer.[1] Defendants are arguing about a few days on the calendar because they cannot make the showing of a "clear case of hardship or inequity" that is required to justify a stay of discovery. *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936). Indeed, as presented in Realtime's motion to lift the stay, the Federal Circuit already rejected Defendants' attempted showing in support of their request for a discovery stay before the appellate court. The circumstances for denial have become even more compelling since that time because the United States Patent and Trademark Office has confirmed the patentability of a number of asserted claims in the patents-in-suit that are the subject of reexaminations brought by defendants. As Realtime set forth in its brief in support of lifting the stay (D.I. Nos. 469 (CME), 261 (Thomson Reuters) and 348 (Morgan Stanley)), Realtime is suffering real and compelling prejudice from the discovery stay. This prejudice includes: (i) evidentiary prejudice as time passes and memories fade because the relevant facts regarding the conception and reduction to practice of the numerous claimed inventions in the patents-in-suit and Realtime's product

---

[1] In Realtime's view the meet and confer was not required because of the unusual procedural posture: requesting a lift of a *sua sponte* stay that none of the Defendants had asked the Court to impose. Realtime was prepared to file the motions Friday, July 1. Instead, Realtime opted to try to work with defendants in an attempt to avoid additional motions practice. The meet and confer resulted in a unanimous rejection by all Defendants.

development and commercial interactions with defendants regarding the Realtime technology trace back to the early 2000s; (ii) prejudicial backloading of discovery toward the January 2012 fact discovery cut-off (threatening both the January 2012 fact discovery deadline and the July 2012 trial date for these actions filed two years ago, in July 2009) and at a time when discovery is in its advanced stages—indeed, the depositions already scheduled with each of the Defendants on core issues of validity and infringement were brought to a halt by Defendants upon issuance of the stay order; and (iii) prejudicial impairment of Realtime's ability to license its patents to Defendants and others at a time when settlement discussions were gaining momentum with the Bank of America settlement.

Second, Defendants argue that the Federal Circuit request for briefing, on June 23, 2011, is "typical" and the seven week delay is "unsurprising." As the Federal Circuit's own procedural guidelines make clear, the June 23, 2011 request was *not* typical but was unusual, both in timing and substance. The Federal Circuit's internal operating procedures provide for a seven day review period by the panel following the May 6, 2011 filing of Realtime's Combined Petition for Rehearing and Request for Rehearing En Banc (hereinafter "the Petition"), at which time, if no judge has indicated a desire for briefing, the *en banc* Petition moves to the active judges for another seven day[2] consideration period, at which point, if no judge requests further briefing, the Petition is automatically denied. Ex. A, Federal Circuit Internal Operating Procedures ("Procedures") at 30-31 and 35-36. Instead, seven weeks elapsed before the Federal Circuit requested briefing on the Petition. Moreover, given that the Federal Circuit already did not follow its own procedures and took over a month of additional time in reaching the initial stage

---

[2] The Federal Circuit provides for longer review periods during the summer months, which will increase the delay in consideration of the Defendants' July 7 brief. Ex. A at 30 and 36.

of requesting briefing, there may well be substantial delay while the panel and full court review the new briefing from Defendants. More fundamentally, it is indisputable that the Federal Circuit has displayed enough interest in Realtime's petition to request additional briefing on an initial, nonprecedential panel opinion. Should the panel decide to modify its opinion or should the full court decide to act, several months or more may elapse before a final order issues from the Federal Circuit.

In view of the prejudice suffered by Realtime as it draws ever nearer to the January 2012 fact discovery cutoff, Realtime respectfully requests that the Court grant Realtime's request for expedited briefing, (D.I. Nos. 470 (CME), 262 (Thomson Reuters) and 349 (Morgan Stanley)). This abbreviated schedule for briefing and lifting the discover stay presents no hardship on the Defendants. Not only have the Defendants presented no such evidence of hardship (nor can they), but certain defendants (the CME Defendants) already briefed this stay issue at the Federal Circuit and that request to stay discovery was denied.

Date: July 8, 2011                                   Respectfully submitted,

                                                               **MCKOOL SMITH, P.C.**

*/s/ Sam Baxter*
Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Robert A. Cote
rcote@mckoolsmith.com
Brett E. Cooper
bcooper@mckoolsmith.com
John C. Briody
jbriody@mckoolsmith.com
Benjamin J. Warlick
bwarlick@mckoolsmith.com
One Bryant Park, Suite 4700
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Laurie L. Fitzgerald
Texas State Bar No. 2403239
lfitzgerald@mckoolsmith.com
John M. Shumaker
jshumaker@mckoolsmith.com
Texas State Bar No. 24033069
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8736
Facsimile: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
REALTIME DATA LLC D/B/A/ IXO**

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 8, 2011, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

                                              /s/ Sam Baxter
                                              Sam Baxter

## CERTIFICATION OF CONFERENCE

Pursuant to Local Rule 7, Plaintiff Realtime contacted counsel for each Defendant in each of the three above captioned cases regarding a proposed motion to lift the discovery stay and proposed expedited briefing, and gave Defendants an opportunity to be heard. On July 6, 2011, lead and local counsel for Realtime met and conferred with counsel for Defendants from all three of the above-captioned cases. Counsel for Realtime and defendants compared views and attempted to resolve all disputes. No defendant has consented to the present motions and the parties have thus reached an impasse that leaves open issues for the Court to resolve.

                                              /s/ Sam Baxter
                                              Sam Baxter