**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA, LLC D/B/A/ IXO,  )<br>   )<br>             Plaintiff,  )<br>   )<br>vs.  )<br>   )<br>MORGAN STANLEY, et al.,  )<br>   )<br>             Defendants.  )<br>   ) | Civil Action No. 6:09-cv-326-LED-JDL<br>Civil Action No. 6:10-cv-248-LED-JDL<br>Civil Action No. 6:10-cv-426-LED-JDL<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' SUR-REPLY TO PLAINTIFF REALTIME DATA'S MOTION FOR
EXPEDITED BRIEFING OF PLAINTIFF'S MOTION TO LIFT THE STAY PENDING
RESOLUTION OF REALTIME'S PETITION FOR REHEARING AND REQUEST FOR
<u>REHEARING EN BANC (DKT. 352)</u>**

Defendants respectfully submit this sur-reply to the motion filed by Plaintiff Realtime requesting expedited briefing on the motion to lift the stay recently ordered by this Court in the above-styled cases. Realtime's reply spends much of its length rehashing its flawed arguments for why the stay should be lifted. However, Realtime offers no credible reason why its motion requires an accelerated schedule given its own delays.

In fact, Realtime amended its underlying motion to lift the stay two days after filing. Dkt. 352. Realtime's amendment of its underlying motion to lift the stay essentially has rendered its motion for expedited briefing moot. Despite this, Realtime apparently still insists that Defendants respond on the same date, one week from the filing of the original motion, even though its amendment has mooted the instant motion for expedited briefing. *See* Dkt. 353.

1

Realtime has presented no credible reason why briefing must proceed on an accelerated schedule despite its own delays in filing. Realtime provides no particulars of any "prejudice" that will be cured by expediting the briefing schedule by a mere 15 days. Instead it presents only vague and conclusory statements that fail to explain why Defendants should bear the hardship of a shortened time period for replying to Realtime's motion. Realtime delayed nearly two weeks – from June 23, 2011 to July 5, 2011 – between the Federal Circuit's request for additional briefing, the purported basis for its request to lift the stay, and the filing of its motion. Realtime admits that it was ready to file its motion on July 1, but did not even notify Defendants of its intent to do so until July 5.[1] In the face of Realtime's own delays, its vague claims that it will be significantly prejudiced by an additional 15 days of briefing are not remotely plausible.

Thus, Defendants respectfully request that Realtime's motion for expedited briefing be denied.

---

[1] In addition, Realtime mischaracterizes its filing delay as an attempt to "seek cooperation from Defendants by requesting a meet and confer." In fact, Realtime's July 5, 2011 e-mail stated that it thought "there was little if anything that the parties could discuss" and provided only a half-hearted offer to meet and confer *the same day* that Realtime intended to file its motion. *See* Dkt. 471, Ex. A.

Dated:  July 10, 2011                                    Respectfully submitted,


By:  ___*/s/ Daniel A. DeVito*___
Daniel A. DeVito
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036
Tel:  (212) 735-3000
Fax:  (917) 777-3210
Email:  Daniel.DeVito@skadden.com

Patrick Kelley (State Bar No. 11202500)
Otis Carroll (State Bar No. 03895700)
IRELAND, CARROLL & KELLEY, PC
6101 S. Broadway, Suite 500
Tyler, TX  75703
Tel:  (903) 561-1600
Fax:  (903) 581-1071
Email:  Fedserv@icklaw.com

*Attorneys for Defendants*
*Morgan Stanley, Morgan Stanley & Co.*
*Incorporated, J.P. Morgan Chase & Co., J.P.*
*Morgan Securities, Inc., J.P. Morgan Clearing*
*Corp., The Goldman Sachs Group, Inc., Goldman,*
*Sachs & Co., and Goldman Sachs Execution &*
*Clearing, L.P., SWS Group, Inc., and Southwest*
*Securities, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a)(3) via the Court's CM/ECF system on July 10, 2011 and, as such, was served on the counsel of record.

                                          */s/ Daniel A. DeVito*
                                          Daniel A. DeVito